August TROTTER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0412–CR–1042.

Court of Appeals of Indiana.

Dec. 9, 2005.

David Pardo, Marion County Public Defender Agency, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

August Trotter appeals his convictions of Class D felony auto theft [1] and Class A misdemeanor driving with a suspended license.[2] He raises five issues, four of which we address: [3]

 1. Whether the State produced sufficient evidence to sustain Trotter's conviction of auto theft;

 2. Whether the trial court abused its discretion in denying Trotter's motion for mistrial;

 3. Whether the trial court abused its discretion in admitting a certified copy of Trotter's driving record; and

 4. Whether Trotter's misdemeanor conviction of driving with a suspended

---

1. Ind.Code § 35–43–4–2.5(b).

2. Ind.Code § 9–24–19–2.

3. Because we reverse, we do not address Trotter's allegation the trial court improperly instructed the jury.

license should be reduced to an infraction when Trotter was not so charged.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On August 12, 2004, Brian Collins left his 1995 Isuzu Rodeo on Park Avenue, between Massachusetts Avenue and North Street, in Indianapolis. Collins locked the vehicle and met a friend for dinner at a nearby restaurant. After dinner, Collins rode with another friend to a house in Broad Ripple, intending to obtain a ride to work the next morning from a friend.

The following day around 2:30 p.m., Collins returned to the location where he had parked his car and discovered the car was missing. Collins had not given anyone permission to drive his car. After learning police had not towed the vehicle, Collins reported it stolen.

On August 17, 2004, Indianapolis Police Officer James Rusk stopped Collins' black Isuzu Rodeo, which Trotter was driving. Officer Rusk ran the license plate number through his computer and confirmed the car was stolen. When he asked where Trotter obtained the vehicle, Trotter explained he "got it from some dude." (Tr.

at 29.) Officer Rusk arrested Trotter and handcuffed him. During a pat-down search of Trotter, the officer found identification that indicated Trotter's date of birth was September 25, 1959.

The State charged Trotter with Class D felony auto theft [4] and Class A misdemeanor driving with a suspended license. The State introduced into evidence a driver's record bearing a digitally signed certification from the Commissioner of the Indiana Bureau of Motor Vehicles. The record is for a person named August D. Trotter with a date of birth of September 25, 1959. The record indicates the driver was suspended for "failure to comply for DDC" with a "begin date" of February 4, 1999 and an "end date" of "Indef." (Ex. 1 at 2.) A jury found Trotter guilty as charged.

## DISCUSSION AND DECISION

### 1. *Sufficiency of evidence*

We neither reweigh the evidence nor judge the credibility of the witnesses when reviewing the sufficiency of the evidence. *Allen v. State*, 743 N.E.2d 1222, 1230 (Ind.Ct.App.2001), *reh'g denied*, *trans. denied* 761 N.E.2d 411 (Ind.2001). We examine the evidence most favorable to the judgment and all reasonable infer-

---

4. It is not apparent why the State chose to charge Trotter with auto theft, for which the evidentiary support is, as explained below, quite tenuous, rather than unauthorized control over property of another person, for which there appears to be greater evidentiary support.

To convict of auto theft, the State must prove the defendant knowingly or intentionally exerted unauthorized control over someone else's motor vehicle with intent to deprive the owner of the vehicle's value or use. Ind.Code § 35-43-4-2.5. To convict of conversion in the form of unauthorized control of a motor vehicle the State need only prove the defendant knowingly or intentionally exerted unauthorized control over the property of another person. Ind.Code § 35-43-4-3.

Our Supreme Court addressed this distinction in *Kidd v. State*, 530 N.E.2d 287, 288 (Ind.1988). Kidd was charged with burglary. The sole evidence the State offered was that Kidd was in possession of stolen rifles two to four days after the burglary and of stolen stereo equipment one to three days after. The State argued that evidence, combined with Kidd's false explanations regarding his possession of the property and desire to sell it, was sufficient to support the conviction of burglary. The *Kidd* court disagreed: "If this were so, evidence sufficient to prove possession of stolen property would necessarily and inevitably support a further conviction for burglary, even absent evidence that such defendant participated in the burglary itself." *Id.*

ences to be drawn therefrom. *Id.* We will affirm a conviction when there is substantial evidence of probative value from which the trier of fact could find guilt beyond a reasonable doubt. *Id.*

■ To convict Trotter of auto theft, the State was obliged to prove Trotter "knowingly and intentionally exert[ed] unauthorized control over the motor vehicle of another person, with intent to deprive the owner ... of the vehicle's value or use." Ind.Code § 35–43–4–2.5(b).

Trotter first argues the State failed to prove the vehicle Trotter was driving belonged to Collins. When he stopped Trotter, Officer Rusk ran the license plate number of the black Isuzu Rodeo through his computer and confirmed the vehicle was stolen. Collins recovered his black Isuzu Rodeo from the police on the same day Trotter was arrested in a stolen black Rodeo. This evidence permits a reasonable inference Trotter was driving Collins' car.

Next, Trotter claims Indiana law does not permit the inference he was the person who stole Collins' car, as he was not found with the car until five days after it had been stolen. On this point, we agree.

■ The unexplained possession of stolen property may be sufficient to support a conviction of theft, *Hughes v. State,* 446 N.E.2d 1017, 1020 (Ind.Ct.App.1983), but the inference is permitted only where the property was "recently stolen." *Gibson v. State,* 533 N.E.2d 187, 188–89 (Ind. Ct.App.1989). In determining whether a theft is recent, we consider the length of time between the theft and the possession, and whether the goods are readily salable and easily portable rather than difficult to dispose of and cumbersome. *Williams v. State,* 714 N.E.2d 671, 673–74 (Ind.Ct.App. 1999).

In *Kidd v. State,* 530 N.E.2d 287 (Ind. 1988), a burglar stole rifles and stereo equipment. Kidd later sold the stereo equipment and rifles, offering various implausible explanations how he obtained the items and why he was selling them. The State argued that evidence, combined with Kidd's false explanations regarding his possession of the property and desire to sell it, was sufficient to support the conviction of burglary. Our Supreme Court disagreed. The *Kidd* court noted the unexplained possession of recently stolen items provides support for an inference of guilt of burglary and theft of that property. However, the sole evidence in *Kidd* was that Kidd was found in possession of the stolen rifles two to four days after the burglary, and the stolen stereo equipment one to three days after. "Under the circumstances presented to us, we cannot conclude that a reasonable trier of fact could find the defendant guilty of the offense charged beyond a reasonable doubt." *Id.* at 288.

Similarly, in *Gibson* we determined the defendant's unexplained possession of a car only two days after it was stolen was insufficient, by itself, to sustain a conviction of auto theft. 533 N.E.2d at 190. We noted the greater the lapse of time, the greater the need for a showing of other circumstances or character of the goods to support the determination the theft was "recent." *Id.* at 189. However, we affirmed Gibson's conviction because we found corroborating evidence supported it. The steering column was damaged in a manner that would permit the car to be started with a sharp instrument, such as a screwdriver, without using the key. A check of the vehicle identification and license plate numbers identified the vehicle as stolen. Police had watched the vehicle for about forty-five minutes when Gibson entered it and drove away. Gibson stopped the car and told police "some guy"

was going to pay him to leave the car parked there. *Id.* at 188. Gibson denied having been in the car. Gibson had no identification or car keys and he refused to identify himself. He had a screwdriver in his right rear pocket.

Where, as here and in *Kidd* and *Gibson,* the lapse of time between theft and arrest is not short, evidence of other circumstances or of the character of the goods may support an inference the defendant stole the property. For example, in *Muse v. State,* 419 N.E.2d 1302, 1304 (Ind.1981), our Indiana Supreme Court noted where any considerable length of time has elapsed from the time of the theft to the time of the arrest there must be some showing the defendant had exclusive possession of the property during that time.

Muse was found in possession of a stolen van three weeks after the theft, but there was evidence to support an inference Muse had possession of the van shortly after the theft. Police found in the glove compartment a rent receipt and food vouchers dated some time before the arrest, all in Muse's name. The evidence also supported an inference Muse knew the van was stolen. The registration certificate of the original owner was in the glove compartment and the original license plate had been removed and placed under the seat. This was sufficient additional evidence to permit an inference Muse had stolen the property. *Id.*

In both *Kidd* and the case before us, the State provided neither evidence of exclusive possession after the theft as in *Muse* nor additional corroborating evidence such as that found sufficient to support the conviction in *Gibson.*[5] We must accordingly decline to find a theft five days earlier was "recent," given the nature of the stolen property, the surrounding circumstances, and the absence of corroborating evidence.

### 2. *Motion for mistrial*

Trotter argues his motion for mistrial should have been granted because a juror might have seen him while he was in a holding cell prior to his trial. The decision to grant or deny a mistrial lies within the discretion of the trial court. *Ortiz v. State,* 741 N.E.2d 1203, 1205–06 (Ind.2001). A mistrial is an extreme remedy granted only when no other action can rectify the situation. *Id.* at 1206. To be awarded a mistrial, the defendant must show he was placed in a position of grave peril to which he should not have been subjected. *Francis v. State,* 758 N.E.2d 528, 532 (Ind.2001). The gravity of the peril is determined by the probable persuasive effect on the jury's decision. *West v. State,* 758 N.E.2d 54, 56 (Ind.2001). There must be more than mere speculation that the event in question happened and that the juror was prejudiced before a mistrial may be ordered. *Harris v. State,* 249 Ind. 681, 694–95, 231 N.E.2d 800, 807 (1967).

Here, there was only "mere speculation that the event in question happened and

---

5. The only additional fact to which the State directs us as evidence Trotter was the person who stole the vehicle five days earlier is Collins' statement that when he recovered the car the rear driver's side door lock "bounced up and down kind of funny" when he unlocked it (Tr. at 26), and that it "just didn't seem to be functioning properly." (*Id.*) The State did not elicit testimony that the lock was functioning properly before the theft. We do not find in that statement sufficient corroborating evidence Trotter was the thief to support a conviction under the *Gibson* standard.

The State also notes Trotter's "highly implausible explanation ... is also incriminating." (Br. of Appellee at 7.) We decline the State's invitation to hold an "implausible explanation" may serve as evidence to corroborate "unexplained possession" of stolen property.

that the juror was prejudiced." *Id.* No juror claimed to have seen Trotter in the holding cell. Trotter was wearing civilian clothing, not clothing such as a jail uniform that might suggest guilt. A juror's view of a defendant in a jail uniform in the custody of police does not necessarily prejudice the defendant's constitutional right to a fair trial. *See Sherwood v. State,* 784 N.E.2d 946, 952 (Ind.Ct.App.2003), *trans. denied* 792 N.E.2d 45 (Ind.2003). Jurors should not be surprised to see defendants in the custody of police while in the courthouse. *Id.*

 Because Trotter has not demonstrated a juror saw him in the holding cell or that any harm resulted if there was such a sighting, we cannot say the trial court abused its discretion in declining to declare a mistrial.

### 3. *Admissibility of evidence*

 Trotter argues the trial court erred in admitting the driver's record from the Bureau of Motor Vehicles because the State failed to link the record to Trotter. A trial court has broad discretion in ruling on the admissibility of evidence. *Griffith v. State,* 788 N.E.2d 835, 839 (Ind.2003). The admission or exclusion of evidence will not be reversed absent a manifest abuse of discretion that results in a denial of a fair trial. *Zawacki v. State,* 753 N.E.2d 100, 102 (Ind.Ct.App.2001), *trans. denied* 761 N.E.2d 421 (Ind.2001). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Myers v. State,* 718 N.E.2d 783, 789 (Ind.Ct.App.1999).

Indiana Code § 9–30–3–15 provides a driving record may be admitted to establish a prior conviction of driving while suspended, if "the prosecuting attorney [establishes] that the document identifies the defendant by the defendant's driving

license number or by any other identification procedure utilized by the BMV."

"[D]ate of birth" is one of the search parameters the BMV used to retrieve and identify Trotter's driving record. (State's Ex. 1 at 5.) The fact the BMV used "date of birth" as a search parameter led the trial court to conclude "date of birth" is an identification method used by the BMV. Because Trotter's driving record was identified by a proper procedure according to Ind.Code § 9–30–3–15, it was admissible.

### 4. *Modification of judgment*

 Trotter argues he cannot be convicted of Class A misdemeanor driving while suspended with a prior conviction because the record does not establish which section of the Indiana Code Trotter previously violated. Ind.Code § 9–24–19–2 provides:

A person who operates a motor vehicle upon a highway when the person knows that the person's driving privilege, license, or permit is suspended or revoked, when less than ten (10) years have elapsed between:

(1) the date a judgment was entered against the person for a prior unrelated violation of section 1 of this chapter, this section, IC 9–1–4–52 (repealed July 1, 1991), or IC 9–24–18–5(a) (repealed July 1, 2000); and

(2) the date the violation described in subdivision (1) was committed; commits a Class A misdemeanor.

The State concedes Ind.Code § 9–24–19–2 requires it prove this fact. Accordingly, we vacate Trotter's conviction of that crime.

 The State asks us to enter a conviction of driving while suspended as a Class A infraction under Ind.Code § 9–24–19–1. "On appeal, this Court may order a

modification of the judgment of conviction to that of a lesser included offense because of an insufficiency of evidence on a particular element of the crime." *Lane v. State,* 175 Ind.App. 543, 547, 372 N.E.2d 1223, 1227 (1978); Ind. Appellate Rule 66(C).[6] An offense is a lesser included offense if it can be established by the same material elements or less than all the material elements of the original offense charged. *Wallace v. State,* 182 Ind.App. 256, 260, 395 N.E.2d 274, 276 (1979).

Indiana Code § 9–24–19–1 states "a person who operates a motor vehicle upon a highway while the person's driving privilege, license, or permit is suspended or revoked commits a Class A infraction." Trotter's original conviction of a Class A misdemeanor required those same elements along with proof of a prior conviction under Ind.Code § 9–24–19–1 or § 9–24–19–2. Because the only difference is the requirement of a properly documented prior conviction, the Class A infraction is a lesser included offense of the Class A misdemeanor.

The evidence was sufficient to establish the material elements common to both offenses. Trotter was driving the Isuzu and his license was suspended. Therefore, we direct the trial court to modify the judgment from a Class A misdemeanor to a Class A infraction.

## CONCLUSION

The evidence is insufficient to sustain Trotter's convictions of auto theft and driving while suspended as a Class A misdemeanor. However, we remand for the court to enter judgment on the count of driving while suspended as a Class A infraction.

Reversed and remanded.

KIRSCH, C.J. and ROBB, J., concur.

---

**6.** Ind. Appellate Rule 66(C) provides: "The Court may, with respect to some or all of the parties or issues, in whole or in part, ... (7) order correction of a judgment or order."