**Carolyn S. BAIRD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A01–1106–CR–185.

Court of Appeals of Indiana.

Oct. 19, 2011.

Karen M. Heard, Vanderburgh County Public Defender's Office, Evansville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Chief Judge.

### Case Summary and Issue

Carolyn Baird appeals her convictions for operating a motor vehicle without financial responsibility, failure to *register*, failure to have the proper license for operating a motorcycle, all infractions, and driving while suspended with a prior conviction, a Class A misdemeanor. She raises two issues for our review, which we consolidate and restate as whether the State presented sufficient evidence to support her convictions. As to Baird's three traffic infraction convictions, we conclude the evidence was sufficient to support her convictions. As to Baird's conviction for driving while suspended with a prior conviction, we conclude the evidence was insufficient for that conviction, but we remand to the trial court with instructions to enter a conviction of the lesser included offense of driving while suspended, a Class A infraction.

### Facts and Procedural History

On September 1, 2010, Officer Karmire observed a three-wheeled "moped-motorcycle" traveling approximately forty miles per hour with no license plate. Transcript at 6. Officer Karmire followed the vehicle for at least two blocks, concluding it was traveling around thirty to thirty-five miles per hour. After Officer Karmire stopped the three-wheeled vehicle, Baird, the driver, offered him two different documents. The first was her title, which contained the make, model, and vehicle identification number of the vehicle, the vehicle's maximum speed of twenty-five miles per hour, and the vehicle's engine specifications of 49.5 cubic centimeter cylinder capacity and two horsepower. The second document appeared to be the vehicle's manual, and it stated the vehicle's maximum speed was 100 kilometers per hour.[1] Officer Karmire

---

1. The trial court took judicial notice that 100 kilometers per hour is equivalent to approximately 60 miles per hour. Tr. at 17.

asked Baird if the vehicle was capable of going that fast, and she replied that it was but that she never traveled that fast. The manual did not contain information about horsepower or cylinder capacity.

Baird was operating the vehicle with a suspended driver's license, no license plate, and no insurance. The State charged Baird with the following: driving with a suspended license, a Class A misdemeanor;[2] operating a motor vehicle without financial responsibility, a Class A traffic infraction; failure to register, a Class C traffic infraction; and failure to have a motorcycle endorsement, a Class C traffic infraction. After a bench trial, the trial court found Baird guilty on all counts and suspended her license for 180 days. Baird now appeals.

*Discussion and Decision*

### I. Standard of Review

Our standard of reviewing a sufficiency claim is well-settled:

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome

every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146–47 (Ind.2007) (quotations, citations, and footnote omitted) (emphasis in original).

### II. Baird's Convictions

The Indiana Code defines the pertinent terms for our review as follows:

> "Motorized bicycle" means a two (2) or three (3) wheeled vehicle that is propelled by an internal combustion engine or a battery powered motor, and if powered by an internal combustion engine, has the following:
>
> (1) An engine rating of not more than two (2) horsepower and a cylinder capacity not exceeding fifty (50) cubic centimeters.
>
> (2) An automatic transmission.
>
> (3) A maximum design speed of not more than twenty-five (25) miles per hour on a flat surface.

Ind.Code § 9–13–2–109.

> "Motorcycle" means a motor vehicle with motive power having a seat or saddle for the use of the rider and designed to travel on not more than three (3) wheels in contact with the ground. The term does not include a farm tractor or a motorized bicycle.

Ind.Code § 9–13–2–108. A "motor vehicle" is defined as a "vehicle that is self-propelled." Ind.Code § 9–13–2–105.[3] This inherently includes "motorcycles."

■ The traffic infraction operating a motor vehicle without financial responsibility requires that Baird was driving a "mo-

---

**2.** *See* Ind.Code § 9–24–19–2.

**3.** There are several exceptions to this general definition of "motor vehicle" in the statute, but none of the exceptions are relevant to our decision today as they do not except "motorcycles" for any purpose.

tor vehicle." [4] The infraction of failure to register applies to "motor vehicles" and "motorcycles," among other types of vehicles.[5] And the infraction of failure to have a motorcycle endorsement necessarily requires that Baird was driving a "motorcycle." [6] Baird argues her three traffic infractions should be reversed because the State failed to prove she was driving a "motor vehicle" or a "motorcycle" rather than a "motorized bicycle." The success of her argument hinges on her interpretation of Indiana statutes that the term "motorized bicycle" is specifically excluded from the term "motor vehicle," and that the only reasonable conclusion based on the evidence is that she was driving a "motorized bicycle" rather than a "motorcycle." Because we conclude the evidence was sufficient to establish the vehicle was a "motorcycle," which is a type of "motor vehicle," we need not address her argument that "motorized bicycles" are excluded from the term "motor vehicle" for the purposes of the infraction statutes here at issue that require a "motor vehicle." [7]

Baird argues the State failed to provide sufficient evidence that the vehicle was not a "motorized bicycle" because the specifications of the vehicle listed on the title she presented to Officer Karmire were within the statutory limits of a "motorized bicycle." This, however, was not the only evidence before the trial court. Officer Karmire testified that he trailed Baird traveling between thirty and thirty-five miles per hour; that, in addition to title, she also presented a manual that listed the vehicle's top-speed as sixty miles per hour; and she verbally affirmed that the vehicle was capable of going sixty miles per hour. We will not reweigh evidence or assess credibility on appeal. *See Drane*, 867 N.E.2d at 146. Viewing the conflicting evidence "most favorably to the trial court's ruling," we conclude the evidence was sufficient to convict Baird of the three charged traffic offenses. *See id.* (quoting *Wright v. State*, 828 N.E.2d 904, 906 (Ind.2005)). It could reasonably be determined that a vehicle capable of going sixty miles per hour has a maximum design speed of more than twenty-five miles per hour on a flat service, taking the vehicle Baird was driving out of the definition of "motorized bicycle."

■ As to her conviction for driving while suspended with a prior conviction, Baird argues the evidence was insufficient because the State failed to show which

---

4. *See* Ind.Code § 9–25–8–2(a).

5. *See* Ind.Code § 9–18–2–29.

6. *See* Ind.Code § 9–24–1–5.

7. Baird incorrectly cites Indiana Code section 7.1–1–3–26.3 as the applicable statutory definition of "motor vehicle." The applicable definition of "motor vehicle" is found in Indiana Code section 9–13–2–105. That section begins with the broad definition of a "motor vehicle" as "a vehicle that is self-propelled," but then goes on to exclude certain types of self-propelled vehicles for the purposes of other specific Indiana Code sections. While "motorized bicycles" are excluded from some specific sections, they are not excluded from the sections Baird's con-

victions are based upon. However, section 9–13–2–105 does not except "motorized bicycles" from the statutory provisions requiring a driver's license. Yet we have previously held that the driver's license requirement does not apply to "motorized bicycles" because of an independent statute, Indiana Code section 9–21–11–12, which provides conditions for operating a "motorized bicycle." *See State v. Drubert*, 686 N.E.2d 918, 919 (Ind.Ct.App.1997). Although we do not resolve this issue today, we note that based upon Indiana Code sections 9–13–2–105 and 9–21–11–12 it is unclear when "motorized bicycles" are "motor vehicles" for the purposes of the statutes at issue today referring to "motor vehicles," and we encourage the legislature to consider the interplay of these statutes.

section of the Indiana Code she previously violated. The State concedes this point, but requests that we modify the conviction to the lesser included offense of driving while knowing one's license is suspended, a Class A infraction.[8] "On appeal, this Court may order a modification of the judgment of conviction to that of a lesser included offense because of an insufficiency of evidence on a particular element of the crime." *Trotter v. State,* 838 N.E.2d 553, 559–60 (Ind.Ct.App.2005) (quoting *Lane v. State,* 175 Ind.App. 543, 547, 372 N.E.2d 1223, 1227 (1978)); see *also* Ind. Appellate Rule 66(C)(7) (providing "The Court may, with respect to some or all of the parties or issues, in whole or in part: ... order correction of a judgment or order; .... ").

An offense is a lesser included offense if it can be established by the same material elements or less than all the material elements of the original offense charged. *Trotter,* 838 N.E.2d at 560. Baird's original conviction under Indiana Code section 9–24–19–2 requires all the same elements of section 9–24–19–1 with the additional requirement that the State show specifically which Indiana Code section the defendant previously violated to trigger section 9–24–9–2. Thus, the Class A infraction is a lesser included offense of the Class A misdemeanor. *See id.* (concluding the Class A infraction of Indiana Code section 9–24–19–1 is a lesser included offense of the Class A misdemeanor of Indiana Code section 9–24–19–2).

The evidence was sufficient to establish the material elements common to both offenses. Baird was driving a motor vehicle and her license was suspended. Therefore, we reverse Baird's conviction for driving while suspended with a prior conviction and remand with instructions for the trial court to modify the judgment from a Class A misdemeanor to a Class A infraction.

*Conclusion*

The evidence is sufficient to sustain Baird's three traffic infraction convictions. However, we reverse Baird's conviction for driving while suspended with a prior conviction as a Class A misdemeanor because the evidence is insufficient to sustain that conviction, but we remand for the trial court to enter judgment on the count of driving while suspended as a Class A infraction.

Affirmed in part, reversed in part, and remanded with instructions.

BARNES, J., and BRADFORD, J., concur.