# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**DAVID L. JOLEY**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LATOYIA BILLINGSLEY, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 02A03-1107-CR-301 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
The Honorable Robert E. Ross, Magistrate
Cause No. 02D06-1102-CM-835

**January 30, 2012**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Latoyia Billingsley appeals her conviction for driving while suspended as a class A misdemeanor within ten years of a prior infraction for driving while suspended.[1] Billingsley raises one issue which we revise and restate as whether the evidence is sufficient to sustain her conviction. We affirm.

The facts most favorable to the conviction follow. On January 29, 2011, Fort Wayne Police Officer Anthony Maze was working a special enforcement detail targeting impaired and intoxicated driving. At approximately 1:00 a.m., he observed a vehicle traveling on Coliseum Boulevard disregard an automatic signal at the intersection of Coliseum and Lima Boulevards in Allen County, Indiana, and he subsequently activated his emergency lights and stopped the vehicle. Billingsley, the driver of the vehicle, produced a license that purported to be from Illinois, and the photograph on the license "appeared to match the driver." Transcript at 7. Upon his initial review of the driver's license, however, Officer Maze determined that there was "something wrong with it." Id. Specifically, when Officer Maze ran the Illinois driver's license, it came back as not being on file, and upon further review, he discovered that the number on the license "had an Indiana ID or driver's license number affixed to it." Id. at 8. Officer Maze then ran a status check using the Indiana license number from the Illinois license and discovered the number came back as the number for an Indiana license for Billingsley.

The results of Officer Maze's status check revealed that Billingsley's license was suspended indefinitely effective June 11th, 2010. Officer Maze asked Billingsley how she obtained the Illinois license, and she responded that "it was given to her by a friend."

---

[1] Ind. Code § 9-24-19-2 (2004).

Id. Officer Maze then asked if she possessed the Illinois license "because of [her] Indiana suspension," and Billingsley responded affirmatively. Id. at 9. Officer Maze issued Billingsley two citations, one for driving while suspended within ten years of a similar prior infraction and the other for disregarding an automatic signal. The vehicle was impounded and Billingsley was allowed to leave.

On June 7, 2011, a bench trial was held on the issued citations, and evidence consistent with the foregoing was presented. At trial, the State admitted into evidence as State's Exhibit 1 Billingsley's certified driver record (the "BMV Record") which indicated that her driver's license had been suspended indefinitely since June 11, 2010, stemming from her failure to appear in a vehicular offense under Cause Number 02D04-1004-IF-03858. In addition, the BMV Record indicated that Billingsley's license had been suspended five other times, including once for driving while her license was suspended. Specifically, the BMV Record contained an entry dated March 22, 2006, that Billingsley's license was suspended for a year for "REPEAT INSURANCE VIOLATION" and noted that the suspension was set to expire on March 21, 2007, and an entry dated February 15, 2007 indicated that on February 5, 2007, while her license was suspended, Billingsley was convicted of driving while suspended. Appellant's Appendix at 15.

The court found Billingsley guilty as charged and sentenced her to 365 days suspended to unsupervised probation "on the condition that [she] complete eighty (80) hours of community service" for driving while suspended. Transcript at 34-35.

The issue is whether the evidence is sufficient to sustain Billingsley's conviction for driving while suspended within ten years of a similar prior infraction as a class A misdemeanor. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. Id. We consider conflicting evidence most favorably to the trial court's ruling. Id. We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. Id. at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id.

The offense of operating while suspended with a prior unrelated conviction is governed by Ind. Code § 9-24-19-2, which provides that:

> A person who operates a motor vehicle upon a highway when the person knows that the person's driving privilege, license, or permit is suspended or revoked, when less than ten (10) years have elapsed between:
>
> > (1) the date a judgment was entered against the person for a prior unrelated violation of section 1 of this chapter, this section, IC 9-1-4-52 (repealed July 1, 1991), or IC 9-24-18-5(a) (repealed July 1, 2000); and
> >
> > (2) the date the violation described in subdivision (1) was committed;
>
> commits a Class A misdemeanor.

Thus, to convict Billingsley of operating while suspended with a prior unrelated conviction, the State needed to prove that Billingsley operated a motor vehicle upon a

4

public highway when she knew that her driving privileges had been suspended, and that the operation of the motor vehicle was within ten years of the date of entry of a judgment against her for a prior unrelated violation of Indiana Code sections 9-24-19-1 or 9-24-19-2.[2]

Billingsley concedes in her brief that she was driving while suspended and was therefore guilty of Ind. Code § 9-24-19-1, operating while suspended as a class A infraction. Billingsley also concedes that the evidence demonstrated that she had a conviction for "driving while suspended" from February 15, 2007. Appellant's Brief at 10. She asserts, however, that the State produced insufficient evidence at trial to establish judgment under one of the predicate offenses. Specifically, Billingsley argues that "[t]he only evidence submitted to prove that [she] had a previous violation of the Indiana Code sections outlined in I.C. § 9-24-19-2 was" the BMV Record, and the record was insufficient because it "does not contain any reference to the Indiana Code section which was purported to have been violated for the conviction." Appellant's Brief at 9. Billingsley argues that although Ind. Code § 9-30-3-15 "states that certified BMV records are admissible as prima facie evidence that a person has a prior conviction in proceedings under Title 9," the BMV Record entered into evidence is only "prima facie evidence that a prior conviction of 'operating while suspended' was entered against" her and "offers no proof, and is not prima facie evidence, of the section of the Indiana Code [] which [she] is alleged to have violated in that matter." Id. at 10. Billingsley requests that we vacate her

---

[2] We note that Billingsley's certified driving record begins with an entry dated September 29, 2003, which is the date she received her learner's permit. Thus, Ind. Code §§ 9-1-4-52 and 9-24-18-5(a), which as Ind. Code § 9-24-19-2 indicates were repealed on July 1, 1991 and July 1, 2000, respectively, have not been enforced during the timeframe in which Billingsley has been operating a motor vehicle.

5

conviction for operating while suspended with a prior unrelated conviction as a class A misdemeanor and enter a conviction on the lesser-included offense of Ind. Code § 9-24-19-1, operating while suspended as a class A infraction, pursuant to the case of Trotter v. State, 838 N.E.2d 553, 560 (Ind. Ct. App. 2005).

The State argues that Billingsley misreads Trotter because in that case, "the State produced Trotter's certified BMV record, which showed that Trotter's license had been suspended, but did not show that Trotter had received a previous driving while suspended conviction," and that here, by contrast, the BMV Record "clearly states that not only is her license currently suspended, she had previously been convicted of driving while suspended on February 15, 2007." Appellee's Brief at 4. The State argues:

> Under Indiana's license suspension scheme, all driving while suspended convictions are by a violation of Indiana Code section 9-24-19-1. The punishment is then elevated from a class A infraction depending on the circumstances: class A misdemeanor under section 2 for having a prior driving while suspended conviction, class A misdemeanor under section 3 if the reason for the suspension was a non-infraction crime, class D felony under subsection 4(a) if section 3 is met and the operation results in bodily injury, class C felony under subsection 4(b) if section 3 is met and the operation results in death.

Id.

Here, we begin by noting that Billingsley's BMV Record states in the entry dated February 15, 2007, the following: "DRIVING WHILE SUSPENDED[;] CASE: 02H01 0702IF01414[;] NEW HAVEN CITY." Appellant's Appendix at 15. Thus, the BMV Record notes that Billingsley was prosecuted for driving while suspended pursuant to Cause Number 02H01-0702-IF-01414. Ind. Administrative Rule 8 describes the Uniform Case Numbering System which "[a]ll trial courts in the State of Indiana shall use . . . ."

6

Ind. Administrative Rule 8(A). Administrative Rule 8(B)(3) indicates that the "case type" is designated by "[t]he third group of two characters" and notes that the characters "IF" indicate that the case type is for an "Infraction." On this score, we note that trial judges are presumed to know and correctly apply the law. Thurman v. State, 793 N.E.2d 318, 321 (Ind. Ct. App. 2003).

As alluded to by the State, the first four sections of Indiana Code Chapter 9-24-19 define the four crimes that could reasonably be referred to as "driving while suspended." Section 1 makes driving while suspended a class A infraction. I.C. § 9-24-19-1. Under the next three sections, the offense is enhanced to a misdemeanor or felony based on the presence of specified circumstances. I.C. § 9-24-19-2 (a class A misdemeanor for a prior qualified violation); I.C. § 9-24-19-3 (a class A misdemeanor if committed while license suspended due to the commission of a criminal offense); and I.C. § 9-24-19-4 (a class D or class C felony if a violation of Section 3 results in bodily injury or death, respectively). Only a violation of Section 1, which is an enumerated offense under Section 2, classifies driving while suspended as an infraction, and thus, even though the code section is not specifically listed in the BMV Record, the fact that it is a judgment for an infraction shows that Billingsley's prior violation was under Section 1 and a qualified prior judgment under the terms of Section 2. Thus, our review of the record reveals that the admission of the BMV Record constituted probative, sufficient evidence from which the trial court could determine that not only had Billingsley's license been previously suspended, but also that a court had previously entered judgment finding that she had committed the infraction of driving while suspended under Ind. Code § 9-24-19-1.

7

In so holding, we note that Billingsley's reliance on <u>Trotter</u> is misplaced because, as the State notes, in that case the driving record from the BMV admitted into evidence indicated only that "the driver was suspended for 'failure to comply for DDC' with a 'begin date' of February 4, 1999 and an 'end date' of 'Indef.'" <u>Trotter</u>, 838 N.E.2d at 556. Thus, there was no indication in the record that Trotter had any prior judgments for driving while suspended against him. Here, as explained above, the record contained information indicating that Billingsley had been convicted of driving while suspended as an infraction under Ind. Code § 9-24-19-1 pursuant to Cause Number 02H01-0702-IF-01414 in 2007, which was within ten years of her instant offense. Accordingly, based upon our review of the evidence as set forth in the record and as explained above, we conclude that sufficient evidence exists from which the trial court could find Billingsley guilty beyond a reasonable doubt of driving while suspended as a class A misdemeanor within ten years of a similar prior infraction.

For the foregoing reasons, we affirm Billingsley's conviction for driving while suspended as a class A misdemeanor.

Affirmed.

MAY, J., and CRONE, J., concur.