**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 28 2013, 7:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANN M. SUTTON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID GIBBS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1208-CR-406 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa Borges, Judge
The Honorable Stanley Kroh, Commissioner
Cause No. 49G04-0905-FB-46161

**June 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

David Gibbs appeals his conviction for arson, a Class B felony.[1]

We affirm.

## ISSUE

Whether the State presented sufficient evidence to support Gibbs'
conviction.

## FACTS AND PROCEDURAL HISTORY

On May 11, 2009, the State charged Gibbs with three counts of arson as Class B felonies. A jury found Gibbs guilty of all three counts, but the trial court vacated two of the convictions. On appeal, this Court reversed the remaining conviction because the State amended the charging information after the commencement of trial. *Gibbs v. State*, 952 N.E.2d 214, 224 (Ind. Ct. App. 2011), *trans. denied*. We remanded the cause for a new trial. *Id*. On March 5, 2012, the State charged Gibbs with a single count of arson as a Class B felony, and a new trial was subsequently held.

The evidence favorable to the State shows that Gibbs lived by himself in an apartment within a multi-unit house located in Indianapolis, Indiana. On May 7, 2009, Gibbs purchased gasoline from a local gas station and pumped the gasoline into an antifreeze container that he had retrieved from a nearby garbage bin. He then returned to his apartment, and within ten minutes of his return, the smoke detector in his apartment went off and Gibbs ran out the front door. Neighbors living in another apartment in the

---

[1] Ind. Code § 35-43-1-1(a)(2).

building ran out of their unit and observed smoke coming out of the windows and door of Gibbs' apartment. They also observed Gibbs running from the scene, and they demanded that he call 911. However, Gibbs kept running. One of the neighbors called 911 to inform authorities about the fire.

Battalion Chief Chris Pitts ("Chief Pitts") of the Indianapolis Fire Department happened to be driving past the house in a marked department vehicle with Lieutenant Jeff Harper ("Lieutenant Harper"). One of Gibbs' neighbors flagged down Chief Pitts' vehicle and alerted him to the fire. Chief Pitts observed thick, dark smoke coming from Gibbs' apartment and requested assistance through dispatch. After Lieutenant Harper extinguished fires in the apartment, Chief Pitts observed that separate fires had begun in the bathroom and under the kitchen sink. Chief Pitts determined that the fires were suspicious, and he requested assistance from a fire investigation unit.

Indianapolis Fire Department Fire Investigator Clifton Johnson ("Investigator Johnson") subsequently ruled out all accidental causes and determined that the fires had been intentionally set. Investigator Johnson also determined that if the fires had penetrated the apartment walls they would have endangered Gibbs' neighbors.

Indianapolis Police Department Arson Detective David Kinsey ("Detective Kinsey") talked to Gibbs, who told Detective Kinsey that a single fire began on the stove after Gibbs had slipped and hit his head while holding the gasoline. Gibbs said that when he regained consciousness, he was surrounded by fire and smoke from the stove. Detective Kinsey determined that the bottle containing the gasoline was not in the kitchen

3

and that Gibbs exhibited no signs of burns, singed hair, or spillage from the bottle. Detective Kinsey further observed that there was no indication of a fire on top of the stove. Based upon his observations and the inconsistencies in Gibbs' story, Detective Kinsey arrested Gibbs. As noted above, Gibbs was ultimately found guilty of one count of arson as a Class B felony.

## DISCUSSION AND DECISION

Indiana Code § 35-43-1-1(a)(2) provides that a person commits Class B felony arson if the person, by means of fire, explosive, or destructive device, knowingly or intentionally damages "property of any person under circumstances that endanger human life." Gibbs contends that the State presented insufficient evidence to support his conviction because "[w]hile it appears [Gibbs] had small spot fires in his apartment, it is not clear which was set that day, and whether it was intentionally set, or just set by [Gibbs'] recklessness." (Gibbs' Br. at 5-6).

Our standard of review for sufficiency claims is well settled. In reviewing sufficiency of the evidence claims, this court does not reweigh the evidence or assess the credibility of witnesses. *Davis v. State*, 791 N.E.2d 266, 269 (Ind. Ct. App. 2003), *trans. denied*. Not only must the fact-finder determine whom to believe but also what portions of conflicting testimony to believe. *In re J.L.T.*, 712 N.E.2d 7, 11 (Ind. Ct. App. 1999), *trans. denied*. We consider only the evidence most favorable to the judgment, together with all reasonable inferences drawn therefrom. *Davis*, 791 N.E.2d at 269-70. The conviction will be affirmed if there is substantial evidence of probative value to support

4

the conclusion of the trier of fact. *Id*. at 270. Reversal is appropriate "only when reasonable persons would not be able to form inferences as to each material element of the offense." *Alvies v. State*, 905 N.E.2d 57, 61 (Ind. Ct. App. 2009).

Moreover, a conviction may be sustained on circumstantial evidence alone if the circumstantial evidence supports a reasonable inference of guilt. *Gonzalez v. State*, 908 N.E.2d 338, 340 (Ind. Ct. App. 2009). Arson is almost always subject to proof solely by circumstantial evidence, and we defer to the jury's determination. *Barton v. State*, 490 N.E.2d 317, 318 (Ind. 1986); *McGowan v. State*, 671 N.E.2d 1210, 1214 (Ind. Ct. App. 1996).

Here, both Chief Pitts and Investigator Johnson determined that there were at least two points of origin for the fires in Gibbs' apartment. Further, both testified that there could have been no accidental cause of the fires. Chief Pitts testified without objection that Lieutenant Harper extinguished the fires immediately before Chief Pitts and Investigator Johnson conducted their investigations.

Detective Kinsey testified that the story told by Gibbs about the origin and location of the fires was not supported by the evidence. In addition, there was no evidence to indicate that Gibbs had been surrounded by a fire after slipping and being knocked unconscious.

There is sufficient evidence to support the jury's determination that the fires were intentionally set by Gibbs. Gibbs asks us to reassess the credibility of the witnesses and reweigh the evidence, which we will not do.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.