## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 12 2015, 7:24 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Patricia Caress McMath
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis

# IN THE
# COURT OF APPEALS OF INDIANA

Michael A. Beitler,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 12, 2015

Court of Appeals Case No. 90A02-1406-CR-425

Appeal from the Wells Superior Court; The Honorable Everett E. Goshorn, Judge; 90D01-1205-CM-160

**May, Judge.**

[1] Michael A. Beitler appeals his conviction of Class A misdemeanor driving while suspended with a prior judgment within ten years.[1] He asserts the State did not prove he had such a prior judgment, and he requests we reduce his conviction to a Class A infraction. We affirm.

## Facts and Procedural History

[2] On May 30, 2012, Wells County Sheriff's Chief Deputy Scott Holliday was on road patrol when he observed an Impala driving in excess of the speed limit. Deputy Holliday initiated a traffic stop. As he parked his car behind the Impala, "it looked like there was a lot of movement going on in the car. I couldn't tell . . . in my mind what I suspected was going on was that people were switching around placements in the vehicle." (Tr. at 6.) When he arrived at the driver's door of the Impala, Beitler was in the front passenger seat, Angela Watkins was in the driver's seat, and Watkins' two children were in the back seat. Watkins' daughter confirmed that Beitler and Watkins changed seats after Deputy Holliday pulled over the car.

[3] The State charged Beitler with Class A misdemeanor driving while suspended. Following a bench trial, the court found Beitler guilty and imposed a one-year sentence suspended to home detention.

---

[1] Ind. Code § 9-24-19-2.

# Discussion and Decision

[4] Beitler alleges the evidence was insufficient to support his conviction. Our standard for reviewing such claims is well settled:

> When we review the sufficiency of the evidence to support a criminal conviction, we consider only the probative evidence and reasonable inferences therefrom supporting the verdict. We neither reweigh the evidence nor assess witness credibility. And unless no reasonable fact-finder could conclude the elements of the crime were proven beyond a reasonable doubt, we will affirm the conviction. That is, we will hold the evidence sufficient 'if an inference may reasonably be drawn from it to support the verdict.'

[5] *Buelna v. State*, 20 N.E.3d 137, 141 (Ind. 2014) (citations omitted).

[6] Beitler was convicted of driving while suspended with a prior conviction within ten years.

> A person who:
>
> (1) knows that the person's driving privilege, license, or permit is suspended or revoked; and
>
> (2) operates a motor vehicle upon a highway less than ten (10) years after the date on which judgment was entered against the person for a prior unrelated violation of section 1 of this chapter[2] [or] this section . . . .
>
> commits a Class A misdemeanor.

---

[2] Ind. Code § 9-24-19-1 provides: "[A] person who operates a motor vehicle upon a highway while the person's driving privilege, license, or permit is suspended or revoked commits a Class A infraction."

Ind. Code § 9-24-19-2 (footnote added).  Beitler claims the State failed to prove he had a prior unrelated judgment for driving while suspended.  We cannot agree.

The State submitted into evidence a certified copy of Beitler's driving record. On the third page of that document, under "Convictions," the record indicates Beitler was convicted of "DRIVING WHILE SUSPENDED PRIOR WITHIN 10 YEARS" in Allen Superior Criminal Court 4 under Cause Number "02D040603CM1978"[3] on April 3, 2006.  (Ex. 1 at 3.)  The first page of that same document indicates that Beitler's driver license was suspended effective April 3, 2006, and the "Suspension reason" provided is "DRIVE W/SUSPENDED –MISD/A."  (*Id.* at 1.)  This evidence was sufficient to demonstrate Beitler had the qualifying prior judgment required to convict him of Class A misdemeanor driving while suspended with a prior judgment within ten years.  *See Billingsley v. State*, 960 N.E.2d 882, 884-85 (Ind. Ct. App. 2012) (finding certified driving record sufficient to demonstrate required conviction of driving while suspended).  Accordingly, we affirm.

Affirmed.


Vaidik, C.J., and Friedlander, J., concur.

---

[3] Contrary to Beitler's assertion, this Cause Number does not indicate he was convicted of a "C misdemeanor."  (Brief of Appellant at 4.)  Rather, it indicates he was convicted of a "Criminal Misdemeanor."  *See* Ind. Administrative Rule 8(B)(3) (designating "CM" as abbreviation for "Criminal Misdemeanor").