**Leland C. POWELL, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 22A01–8707–CR–162.**

Supreme Court of Indiana.

Sept. 22, 1988.

Dennis Brinkmeyer, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

* *Powell v. State* (1988), Ind.App., 519 N.E.2d 235.

PETITION FOR TRANSFER

PER CURIAM:

Petition for transfer denied.*

DeBRULER, Justice, dissenting to Denial of Transfer.

Leland Powell drove his car while intoxicated, and while so doing entered a divided highway on the wrong side of the median and collided head-on with another car, killing two persons. He stands convicted upon his plea of guilty to two counts of operating a vehicle while intoxicated, I.C. 9–11–2–2, for which he received consecutive eight year terms under I.C. 9–11–2–5, based upon the two deaths. He also stands convicted upon his plea of guilty to two additional counts of reckless homicide, I.C. 35–42–1–5, based upon the same two deaths; however, the court gave no sentences on these two latter convictions.

Powell appealed from this sentence, alleging (1) that the sentencing court had failed to make a sufficient statement of aggravating circumstances justifying the enhancement, and (2) that more than a single sentence for the two counts of driving while intoxicated would be illegal. The Court of Appeals affirmed in an unpublished opinion. I would grant transfer upon the basis of the latter claim and remand for a new sentencing hearing.

Appellant's claim is based upon the the statutes defining the crime of operating while intoxicated. I.C. 9–11–2–2 and I.C. 9–11–2–5 provide in salient part as follows:

"A person who operates a vehicle while intoxicated commits a class A misdemeanor."

"A person who violates section 1 or section 2 [9–11–2–1 or 9–11–2–2] of this chapter commits a Class C felony if the crime results in the death of another person."

Appellant argues that his unlawful conduct of driving while intoxicated constituted but a single violation of the above statute, even though two deaths were caused by it, while the State responds that the death of each

victim created separate and distinct offenses.

According to the State several opinions carry the implication that its view of the operating statute should prevail. In *Drossos v. State* (1982), Ind.App., 442 N.E.2d 1, a single collision resulted in three deaths, and Drossos was convicted twice for each death, once under the driving while intoxicated statute and once under the reckless homicide statute. The Court of Appeals set aside the three reckless homicide convictions because of insufficiency of evidence, but permitted the three convictions for driving while intoxicated to stand. In *Micinski v. State* (1986), Ind., 487 N.E.2d 150, this court found the evidence sufficient to support two convictions for driving while intoxicated where two pedestrians were struck and seriously injured. There however this court was focused upon the nature of the causal relationship between intoxication and injury and concluded that the State need not prove that the intoxication was a direct and proximate cause of the injury, and as in *Drossos*, did not address the precise claim appellant Powell now makes. In my view the implication of these cases, as uncovered by the State, is false.

Legislative intent is the keystone when determining the meaning of statutes. As I read the two sections of the driving while intoxicated statutes quoted above it is clear that driving conduct is proscribed and that injurious consequences are intended to increase the penalty for that conduct. The purpose of I.C. 9–11–2–5, which includes the "resulting in death" language, is to require the enhancement of penalty for the driving misconduct and not to authorize multiple convictions where two persons are killed. The driving while intoxicated statute is not a homicide statute as is the reckless homicide statute which provides, "[a] person who recklessly kills another human being commits reckless homicide ..". I.C. 35–42–1–5. The driving statute does not require proof of a reckless state of mind. And while the driving statute is, like the reckless homicide statute, intended to secure life, it serves that end in cases like this one in a different manner, that is, by calling for a greater penalty, rather than by calling for multiple convictions.

Although appellant has asked this court to grant a new trial, his claim does not reach the integrity of his pleas of guilty, and thus that remedy is not appropriate. I would remand for the entry of a new judgment upon appellant's pleas of guilty to include but a single conviction for driving while intoxicated or depending upon the factual basis, two convictions for reckless homicide, with sentence or sentences accordingly.

DICKSON, J., concurs.