**David GIBSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 45A02–8808–CR–299.

Court of Appeals of Indiana, Second District.

Jan. 31, 1989.

---

Nathaniel Ruff, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

David Gibson appeals his auto theft conviction.[1] We affirm.

## ISSUE

Gibson argues there is insufficient evidence to sustain his conviction.

## FACTS

On August 2, 1987, Julie Mink discovered her white Camaro missing, without her permission, from a lot in Griffith, Indiana where she had parked and locked it four hours earlier. She notified police.

On August 4, 1987, Officer Bell of the Gary Police Department responded to a dispatch summoning him to the location of a white Camaro. Bell approached the vehicle, opened an unlocked door, and observed the steering column was damaged in a fashion which would permit the car to be started with a sharp instrument, such as a screwdriver, without using the key switch. Bell's check of the vehicle identification and license plate numbers identified the vehicle as stolen.

Bell had watched the vehicle for about forty-five minutes when he observed Gibson enter it and drive away. Gibson drove the car three blocks, parked it, and got out. Bell approached Gibson, asked him why he was leaving the car, and identified himself. Gibson responded that some "guy" was

going to pay him to leave the car parked there. Bell then arrested Gibson as John Doe because he refused to identify himself.

A search of Gibson's person failed to reveal any identification or car keys, although he had a screwdriver in his right rear pocket. The car contained neither keys nor a registration slip. En route to the police station, Gibson denied ever having been in the Camaro.

Gibson was charged with auto theft occurring on or about August 4, 1987.

## DISCUSSION

Gibson argues the evidence is insufficient to sustain his conviction. While he concedes that "[t]he unexplained possession of recently stolen property alone ... may be sufficient to support a conviction," Appellant's Brief at 9, he argues he explained his possession.

"In assessing the issue of sufficiency of evidence, this court will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or witness credibility, a reasonable trier of fact could conclude that defendant was guilty beyond a reasonable doubt." *Powell v. State* (1988), Ind., 528 N.E.2d 483.

The rule is that the mere unexplained, exclusive possession of recently stolen property will sustain a conviction of theft and burglary. *Steele v. State* (1985), Ind., 475 N.E.2d 1149; *Ward v. State* (1982), Ind., 439 N.E.2d 156; *Muse v. State* (1981), Ind., 419 N.E.2d 1302. Further, possession remains unexplained where the trier of facts rejects the explanation as being beyond a reasonable doubt. *Ward v. State* (1973), 260 Ind. 217, 294 N.E.2d 796. Here, the question is whether Gibson's possession two days after the Camaro was taken is recent. As this court observed in *Morgan v. State* (1981), Ind.App., 427 N.E.2d 1131:

In determining whether possession is "recent," we consider not only the length of time between the theft and the posses-

1. IC 35–43–4–2.5(b) (1988).

sion but also the circumstances of the case (such as defendant's familiarity or proximity to the property at the time of the theft) and the character of the goods (such as whether they are readily salable and easily portable or difficult to dispose of and cumbersome). Annot., 89 A.L.R. 3d 1202, 1207 (1979).

The greater the lapse of time the greater the need for the presence of other circumstances or character of the goods to support the recency determination. Thus, where the elapsed time is short, that fact in itself makes the possession recent. *Hancock v. State,* (1971) 256 Ind. 337, 268 N.E.2d 743 (Defendant attempted to sell stolen goods later in the day on which they were stolen); *Vaughn v. State,* (1971) 255 Ind. 678, 266 N.E.2d 219 (Defendant admitted having possession of stolen saddles two days after theft); *Swift v. State,* (1970) 255 Ind. 337, 264 N.E.2d 317 (Defendant apprehended with stolen car later in the day on which it was stolen); *Strode v. State,* (1980) Ind.App., 400 N.E.2d 183 (Stolen C.B. found in defendant's car two hours after theft); *Linnemeier v. State,* (1975) 165 Ind.App. 31, 330 N.E.2d 373 (Defendant sold stolen boat on day after theft).

In situations where the lapse of time is not short, the cases relying upon the unexplained exclusive possession of recently stolen property to sustain a conviction have found evidence of other circumstances or of the character of the goods which supports a determination that under the facts the possession was indeed recent. *Muse v. State,* (1981) Ind., 419 N.E.2d 1302 (Evidence showed defendant had possession of stolen van within three weeks after theft. The police also discovered the original registration in the owner's name and the original license plates in the van. The presence of these items and the fact defendant did not have a proper registration for the van were cited as additional evidence from which the jury could have inferred either that defendant had stolen the van or that he knew it was stolen property [The statute under which defendant was convicted did not distinguish between larcenty and receiving stolen goods] ); *Sansom v. State,* (1976) 171 Ind.App. 33, 354 N.E.2d 336, *reversed on other grounds* (1977) 267 Ind. 33, 366 N.E.2d 1171 (Defendant apprehended in Missouri with stolen furs seven (7) days after theft. Defendant was driving a car with Indiana plates. The court stated "Possession of distinctive fur pelts by individuals acquainted with the ransacked premises cannot be claimed to be insufficient"); *Shank v. State,* (1972) 154 Ind. App. 147, 289 N.E.2d 315 (Defendant found asleep in stolen car 20 days after the theft. Defendant had been seen next to or in the car shortly before the theft.) *Morgan,* 427 N.E.2d at 1133–34.

A recent supreme court case, *Kidd v. State* (1988), Ind., 530 N.E.2d 287, 288 (Givan, J., Pivarnik, J., dissenting), not only corroborates this analysis but also appears to further restrict the outer limitation of "recent." In *Kidd,* the defendant, charged with burglary, was in exclusive possession one to four days later of property stolen from the burglarized house. As noted by Justice Givan in his dissent, concurred in by Justice Pivarnik, under existing case law Kidd's possession of the stolen goods within this time frame "was ample evidence to support the jury's finding that he was in fact the person who had acquired the goods through the perpetration of the burglary." *Id.* at 288. The majority disagreed, however; while acknowledging the precedent, they reversed Kidd's conviction. That result compels the conclusion that "recent" is a lapse of time of less than twenty-four (24) hours.

■ Therefore, under *Kidd,* Gibson's conviction cannot be sustained based solely upon his unexplained, exclusive unauthorized control over the "recently" stolen vehicle. However, the additional evidence of Gibson's possession of a screwdriver to operate the busted ignition, his refusal to identify himself upon request, and his statement that he had not been in the Camaro, provide the additional circumstances which support the reasonable factfinder's conclusion that Gibson knowingly or inten-

tionally exerted his unauthorized control with the intent to deprive the vehicle's owner of its use or value.[2]

JUDGMENT AFFIRMED.

RATLIFF, C.J., and BUCHANAN, J., concur.

---

**2.** Arguably, this same evidence is sufficient to sustain Gibson's conviction of auto theft as charged under the theory that he knew the vehicle was a stolen vehicle when he drove it. To "exert control over property" includes driving and possessing the vehicle. IC 35–43–4–1(a) (1988). Gibson did that. Further, control is unauthorized if it is exerted without the owner's consent. IC 35–43–4–1(b)(1). A person's control over a car which he knows is stolen is, of course, unauthorized. Thus, to some considerable extent, there is an overlap between IC 35–43–4–2.5(b) and (c), particularly when receiving, as used in IC 35–43–4–2.5(c) includes acquiring possession or control. IC 35–43–4–1(c).