**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 29 2014, 10:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KAREN M. HEARD**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD LEMON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1305-CR-221 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Wayne S. Trockman, Judge
Cause No. 82D02-1301-FD-41

**January 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Ronald Lemon appeals his conviction for auto theft, as a Class D felony, following a jury trial.[1] Lemon raises the following issue for our review: whether the State presented sufficient evidence to support his conviction. We affirm.

**FACTS AND PROCEDURAL HISTORY**

In the evening of January 2, 2013, Brock Billman drove his silver Pontiac Grand Prix, which was missing both of its front two hubcaps, to the Huck's gas station at the corner of Lynch Road and Green River Road in Evansville. Upon pulling into the gas station, Billman exited the vehicle and entered the store to buy some hot sauce. Billman left the car running with the doors unlocked.

As soon as he entered the store, Billman turned and "saw [his] car backing out." Transcript at 8. Billman saw a white male in the driver's seat, and he immediately tried to call 9-1-1 from his cell phone but "[c]ouldn't get through." Id. at 9. Billman then called 9-1-1 using the store's phone. The Evansville Police Department received Billman's call "at 9:29" p.m. Id. at 34. Billman reported that his vehicle had been stolen, gave the dispatcher a description of his vehicle, and informed the dispatcher of the direction he had observed the vehicle travel away from the gas station.

---

[1] Lemon also appeals the jury's verdict that he received stolen property, but the trial court "merged" that verdict with Lemon's conviction for auto theft. Appellant's App. at 7. The State concedes that this was done to "negate any double jeopardy violation." Appellee's Br. at 2. In other words, the trial court did not enter a judgment of conviction against Lemon with respect to the jury's verdict that he received stolen property. See Appellant's App. at 29. As such, and since we affirm Lemon's conviction for auto theft, we will not consider this issue. See R.W. v. State, 975 N.E.2d 407, 413-15 (Ind. Ct. App. 2012), trans. denied.

Officers Aaron McCormick and David Smith received the report of Billman's stolen vehicle "at about 9:30." Id. at 19. The officers were in the area they expected the stolen vehicle to travel through based on Billman's report, and "at 9:33" p.m. the officers were passed by a vehicle matching the description of Billman's vehicle. Id. at 20. The officers initiated a traffic stop and observed Lemon in the driver's seat of the vehicle. There were no other occupants.

Within "five minutes" of Billman's 9-1-1 call, the Evansville Police Department called Billman and informed him that officers may have recovered his vehicle. An officer escorted Billman to the nearby scene of the traffic stop, and Billman identified the vehicle driven by Lemon as his vehicle. The officers arrested Lemon.

On January 7, 2013, the State charged Lemon with auto theft, as a Class D felony.[2] Following his trial, the jury found him guilty, and the trial court entered its judgment of conviction and sentence accordingly. This appeal ensued.

## DISCUSSION AND DECISION

Lemon asserts that the State failed to present sufficient evidence to support his conviction for auto theft, as a Class D felony. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the verdict and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the

---

[2] With the exception of the State's charge that Lemon received stolen property, which we addressed in footnote 1, supra, the State's other charges against Lemon are not at issue on appeal.

3

defendant was guilty beyond a reasonable doubt.  Id.  If there is substantial evidence of probative value to support the conviction, it will not be set aside.  Id.

In order to show that Lemon committed auto theft, as a Class D felony, the State was required to demonstrate that Lemon "knowingly or intentionally exert[ed] unauthorized control over the motor vehicle of another person, with intent to deprive the owner of:  (1) the vehicle's value or use . . . ."  Ind. Code § 35-43-4-2.5(b).  On appeal, Lemon asserts that there "was no evidence . . . that clearly indicated who actually took or exerted unauthorized control over the vehicle."  Appellant's Br. at 11.  Lemon continues: "The only evidence that links Mr. Lemon to the car is that he was found driving the vehicle later that night. . . .  [He] could have gotten possession of the car from a third party who actually took or exercised unauthorized control over it."  Id. at 11-12.

In support of his argument, Lemon relies on this court's opinions in Gibson v. State, 533 N.E.2d 187 (Ind. Ct. App. 1989), and Shelby v. State, 875 N.E.2d 381 (Ind. Ct. App. 2007), trans. denied.  In both of those cases, we recognized that, "where any considerable length of time has elapsed from the time of the theft to the time of the arrest[,] there must be some showing that the defendant has had the exclusive possession of the property during that time."  Id. at 385.  "To determine whether property was recently stolen, we must examine the length of time between the theft and possession as well as circumstances such as the defendant's familiarity or proximity to the property at the time of the theft and the character of the goods."  Id. (citing Gibson, 533 N.E.2d at 188-89).  In Shelby, we reversed the defendant's conviction for auto theft when fifteen days had elapsed between the report of the stolen vehicle and when police found the

4

defendant exercising control over it.  Id. at 386.  In Gibson, two days had passed between the report of the stolen vehicle and when the defendant was found in control of it, but we affirmed the defendant's conviction for auto theft based on additional circumstances that demonstrated the defendant's prior control over the vehicle.  533 N.E.2d at 189-90.

Shelby and Gibson are not factually analogous to Lemon's appeal.  Here, there was no "considerable length of time" between Billman's call to 9-1-1 and the officers' apprehension of Lemon.  Billman called 9-1-1 at 9:29 p.m. and officers initiated their traffic stop of the stolen vehicle, occupied only by Lemon, four minutes later at 9:33 p.m.

Our Supreme Court has recently clarified the law that applies here.  As the court stated:

> the mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for theft.  Rather, such possession is to be considered along with the other evidence in a case, such as how recent or distant in time was the possession from the moment the item was stolen, and what are the circumstances of the possession (say, possessing right next door as opposed to many miles away).  In essence, the fact of possession and all the surrounding evidence about the possession must be assessed to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt.

Fortson v. State, 919 N.E.2d 1136, 1143 (Ind. 2010).  Applying that rule here, the officers initiated their traffic stop of Lemon in Billman's vehicle just four minutes after Billman had reported the vehicle stolen.  The officers initiated their traffic stop at a location where they expected to find the vehicle based on Billman's description of the direction in which the vehicle had left the gas station, and that location was near the gas station.  And Lemon matched Billman's description of the occupant of the vehicle he observed as the vehicle pulled out of the gas station.  In light of all the surrounding evidence about the

5

possession of the vehicle, it is clear that a rational juror could find Lemon guilty beyond a reasonable doubt. Thus, we affirm Lemon's conviction.

Affirmed.

BAKER, J., and CRONE, J., concur.