**OPINION**



FILED

Nov 04 2016, 8:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Corey L. Scott
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mickel Thacker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 4, 2016

Court of Appeals Case No.
49A02-1510-CR-1563

Appeal from the Marion Superior
Court

The Honorable Annie Christ-
Garcia, Judge

Trial Court Cause No.
49G24-1504-F6-13631

**May, Judge.**

[1] Mickel Thacker challenges the sufficiency of evidence supporting his conviction of Level 6 felony auto theft[1] and Class A misdemeanor resisting law enforcement.[2] We affirm.

## Facts and Procedural History

[2] On April 9, 2015, Kelly Poyck reported her silver 2002 Chevrolet Prism stolen. On April 15, 2015, Jeanne Kistler, an acquaintance of Poyck, saw the vehicle in a bank parking lot and called 9-1-1. Kistler reported two African-American males were in the front seat of the vehicle. Indianapolis Metropolitan Police Department ("IMPD") officers were dispatched regarding a possible stolen vehicle. IMPD Officer Aaron Helton responded and spotted a vehicle matching the description of the stolen vehicle with two African-American males sitting in the front seat.

[3] Officer Helton approached the vehicle with his emergency lights on and briefly activated his siren. The occupants were exiting the vehicle as Officer Helton approached it. Officer Helton drew his weapon and loudly ordered them to stop. One of the occupants ran from the scene. The other occupant, Thacker, walked toward the bank. Officer Helton initially pursued Thacker's companion, but when he was approximately thirty feet from Thacker, Officer

---

[1] Ind. Code § 35-43-4-2.5(b)(1) (2014).

[2] Ind. Code § 35-44.1-3-1(a)(3) (2014).

Helton spotted Thacker near the bank entrance. At that point, Thacker complied with Officer Helton's command to stop. Officer Helton arrested Thacker.

[4] The State charged Thacker with Level 6 felony auto theft and Class A misdemeanor resisting law enforcement. After a bench trial, the court found Thacker guilty of both charges.

## Discussion and Decision

[5] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State,* 654 N.E.2d 736, 737 (Ind. 2007), *reh'g denied.* The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* at 147.

## Auto Theft

[6] To prove Level 6 felony auto theft, the State must prove Thacker "knowingly or intentionally exert[ed] unauthorized control over the motor vehicle of another person, with intent to deprive the owner of [] the vehicle's value or use." Ind. Code § 35-43-4-2.5(b)(1) (2014). The unexplained possession of stolen property may be sufficient to support a conviction of theft, *Hughes v. State,* 446 N.E.2d 1017, 1020 (Ind. Ct. App. 1983), but the inference is permitted only where the property was "recently stolen." *Gibson v. State,* 533 N.E.2d 187, 188-89 (Ind. Ct. App. 1989). If a defendant is found to be in possession of stolen property that was not recently stolen and if exclusive possession is not proven, "this court may also consider additional evidence tending to support the defendant's conviction." *Shelby v. State*, 875 N.E.2d 381, 385 (Ind. Ct. App. 2007), *trans. denied*. For example, in *Gibson*, we determined that unexplained possession of a car two days after it was stolen was insufficient to sustain a conviction for auto theft but affirmed the conviction due to Gibson's possession of a screwdriver used to start the car. 533 N.E.2d at 190.

[7] Poyck testified her vehicle was stolen, and Officer Helton saw Thacker in the driver's seat of Poyck's vehicle. This evidence permits a reasonable inference Thacker was in possession of Poyck's stolen vehicle. *See Trotter v. State*, 838 N.E.2d 553, 557 (Ind. Ct. App. 2005) (defendant's arrest while driving the stolen vehicle permits inference of possession).

[8] Thacker notes the six-day delay between the date Poyck's car was stolen and when he was found in possession of it. We agree with Thacker that his

possession of Poyck's vehicle six days after it was stolen is not enough to prove auto theft, *see Gibson*, 533 N.E.2d at 189, and the State was required to present additional evidence "to support an inference that Thacker had knowledge that the car had been stolen." (Appellant's Br. at 9.)

[9] Poyck testified the only damage to the car prior to it being stolen was a dent in the back. (Tr. at 11; Ex. 1.) After the theft, however, the passenger window of the car had been "busted out," the passenger side door was damaged, and the gas cap was "ripped off." (Tr. at 11.) The State introduced evidence of what appeared to be pry marks around the seal of the front passenger window. (Ex. 6.) Poyck assumed the gas cap was ripped off because "[the thieves] couldn't find the lever." (Tr. at 11.) Thacker asserts this damage did not amount to "obvious signs of theft," (Appellant's Br. at 9); however, Thacker and his companion also attempted to flee when police arrived. The damage together with the flight permitted the factfinder to infer Thacker knew he was exerting unauthorized control over someone else's vehicle. *See Williamson v. State*, 436 N.E.2d 90, 94 (Ind. 1982) (evidence of flight "tend[s] to show guilt or knowledge of guilt").

### *Resisting Law Enforcement*

[10] To prove Class A misdemeanor resisting law enforcement, the State must prove Thacker "knowingly or intentionally [] fle[d] from a law enforcement officer after the officer ha[d], by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop." Ind. Code § 35-44.1-3-1(a)(3) (2014). Thacker

claims he did not actually flee from Officer Helton as he did not hear Officer Helton tell him to stop. Thacker's claim is a request to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court will not reweigh the evidence on appeal).

[11] Officer Helton, in his marked police car with the emergency lights activated and "a couple whelps" of his siren, approached Thacker as Thacker and his acquaintance were exiting Poyck's vehicle. (Tr. at 32.) Officer Helton "jumped out of [his] vehicle with [his] gun drawn." (*Id.* at 33.) When he was "15 to 20 feet away," Officer Helton told Thacker and his acquaintance to stop. (*Id.* at 40.) Officer Helton demonstrated in court how loud he yelled "Stop police [sic]," (*id.* at 49), at the two men exiting the stolen vehicle. This was sufficient evidence from which the factfinder could conclude Thacker knowingly fled from Officer Helton after Officer Helton ordered Thacker to stop. *See Fowler v. State*, 878 N.E.2d 889, 895 (Ind. Ct. App. 2008) (resisting law enforcement conviction upheld when visible and audible orders to not flee were ignored by defendant).

# Conclusion

[12] As the evidence was sufficient to prove Thacker knowingly or intentionally exerted unauthorized control over a stolen vehicle and resisted law enforcement, we affirm.

[13] Affirmed.

Kirsch, J., and Crone, J., concur.