## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 20 2018, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Thomas Lowe
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jerry Dewayne Decker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 20, 2018

Court of Appeals Case No.
10A01-1707-CR-1612

Appeal from the Clark Circuit Court

The Honorable Bradley B. Jacobs, Judge

Trial Court Cause No.
10C02-1607-F3-38

**Altice, Judge.**

## Case Summary

[1] Following a jury trial, Jerry Dewayne Decker was convicted of Level 3 felony attempted aggravated battery, Level 6 felony auto theft, Level 6 felony resisting law enforcement, and Class A misdemeanor resisting law enforcement. Decker presents two issues for our review, which we restate as the following:

> 1. Did the State present sufficient evidence to support Decker's conviction for attempted aggravated battery?

> 2. Did the State present sufficient evidence to support Decker's conviction for auto theft?

> 3. Do Decker's convictions for attempted aggravated battery as a Level 6 felony, resisting law enforcement as a Level 6 felony, and resisting law enforcement as a Class A misdemeanor violate double jeopardy principles?

[2] We affirm in part, reverse in part, and remand.

## Facts & Procedural History[1]

[3] The facts most favorable to the convictions follow. On the morning of July 10, 2016, Christopher Barrow reported to the Clarksville Police Department that his vehicle was no longer parked outside his residence and that he had given no one permission to take it. On July 15, 2016, Officer August Vissing confirmed that Decker, who had an outstanding arrest warrant, was a registered guest at a

---

[1] We held oral argument on February 27, 2018, in the courtroom located in Federal Hall on the campus of Indiana State University. We commend counsel for the parties for the excellent written and oral presentations. We also thank the staff and students for their enthusiasm and hospitality.

local motel. Officer Vissing then conducted a license plate check of the vehicle backed into the parking space in front of Decker's room and discovered that it was registered to Barrow and had been reported stolen. Officer Vissing requested back-up, and then he and responding officers set up surveillance of Decker's room. Decker eventually left the motel room with his girlfriend and, after placing items in the trunk, Decker got into the driver's seat of the stolen vehicle. At that point, Officer Vissing and Detective Donovan Harrod positioned their vehicles so as to block Decker's exit.

[4] The officers then exited their vehicles, drew their weapons, identified themselves as police, and ordered Decker to put his hands up. Decker initially complied but then, after screaming three or four obscenities, said "fuck it," dropped his hands, started the vehicle, and accelerated toward Officer Vissing. *Transcript* at 123. Officer Vissing took several steps backward and pressed himself against his truck to avoid being hit as Decker drove through the six-foot gap between the police vehicles. Decker did not strike Officer Vissing or either of the police vehicles. Decker then led assisting officers on a high-speed chase. Eventually, Decker abandoned the vehicle and fled on foot before being captured.

[5] On July 19, 2016, Decker was charged with Level 3 felony attempted aggravated battery, Level 6 felony auto theft, Level 6 felony resisting law enforcement, Class A misdemeanor resisting law enforcement, Level 5 felony possession of methamphetamine, and two counts of Level 6 felony maintaining

a common nuisance.[2] The State also filed a habitual offender allegation. A three-day jury trial commenced on February 28, 2017, at the conclusion of which the jury found Decker guilty of attempted aggravated battery, auto theft, and both counts of resisting law enforcement. The jury did not reach a verdict on the charge of possession of methamphetamine and acquitted Decker of maintaining a common nuisance. Following a bench trial, the trial court determined that Decker was not a habitual offender. At a June 14, 2017 sentencing hearing, the trial court sentenced Decker to an aggregate term of twelve years, with three years suspended to probation.[3] Decker now appeals. Additional facts will be provided where necessary.

## Discussion & Decision

## Sufficiency of the Evidence

[6] Decker challenges the sufficiency of the evidence with respect to his convictions for attempted aggravated battery and auto theft. When we consider a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016). Instead, we consider only the evidence and reasonable inferences supporting the verdict. *Id.* We will affirm the conviction if there is probative evidence from

---

[2] Prior to trial, the two maintaining a common nuisance charges were merged into a single charge.

[3] The trial court imposed a sentence for each conviction and ordered the sentences served concurrently.

which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

## 1. Attempted Aggravated Battery

[7] "A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death" commits aggravated battery, a Level 3 felony. Ind. Code § 35-42-2-1.5. "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, the person engages in conduct that constitutes a substantial step toward commission of the crime." Ind. Code § 35-41-5-1(a).

[8] The State charged Decker as follows:

> On or about July 15, 2016 in Clark County, State of Indiana, [Decker] did with the intent to commit Aggravated Battery, to-wit: knowingly or intentionally inflicting injury on a person that creates a substantial risk of death, did engage in conduct that constituted a substantial step towards committing Aggravated Batter, to-wit: by accelerating and/or driving a passenger vehicle toward [Officer Vissing].

*Appellant's Appendix Vol. II* at 14. Decker argues that the State did not present sufficient evidence that he knowingly or intentionally engaged in a substantial step to inflict injury on Officer Vissing. Decker points out that in a matter of seconds he drove the vehicle through a six-foot gap between the officers' vehicles and that he did not strike the officer or either vehicle. Decker maintains that the fact that he did not strike Officer Vissing or either of the

police vehicles that were positioned to block his exit shows that he did not intend to harm Officer Vissing.

[9] Decker's argument boils down to a request for this court to reweigh the evidence, a task in which we will not engage on appeal. At trial, Officer Vissing testified that Decker put his hands on the steering wheel, turned the wheels toward him, and accelerated. Another officer testified that Officer Vissing "had to jump out of the way because of the close proximity [he was] with the . . . stolen vehicle." *Transcript* at 24. From this evidence, the jury could have reasonably inferred that Decker drove the car toward Officer Vissing with the intent to hit Officer Vissing.[4] The evidence is sufficient to sustain Decker's conviction for attempted aggravated battery as a Level 3 felony.

## 2. Auto Theft

[10] "A person who knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with intent to deprive the owner of . . . the vehicle's value or use . . . commits auto theft, a Level 6 felony." Ind. Code § 35-43-4-2.5. Generally, "[t]he unexplained possession of stolen property may be sufficient to support a conviction for theft, but the inference is permitted only where the property was 'recently stolen.'" *Thacker v. State*, 62 N.E.3d 1250, 1251-52 (Ind. Ct. App. 2016) (citation omitted) (quoting *Gibson v. State*, 533 N.E.2d 187, 188-89 (Ind. Ct. App. 1989)). If a defendant is found to be in

---

[4] During oral argument, Decker conceded that striking someone with a car creates a substantial risk of death.

possession of stolen property that was not recently stolen and if exclusive possession is not proven, "this court may also consider additional evidence tending to support the defendant's conviction." *Id*. at 1252 (quoting *Shelby v. State*, 875 N.E.2d 381, 385 (Ind. Ct. App. 2007), *trans. denied*).

[11]   In *Gibson*, we determined that the unexplained possession of a car two days after it was stolen was insufficient by itself to sustain a conviction for auto theft, but nevertheless affirmed the conviction due to the defendant's possession of a screwdriver used to start the car. 533 N.E.2d at 189. In *Thacker*, we held that the defendant's possession of a vehicle six days after it was stolen was not enough by itself to prove auto theft, but that additional evidence of damage to the car, a busted-out passenger window, a ripped-off gas cap, and the defendant's attempt to flee when confronted was sufficient evidence from which the factfinder could have inferred that the defendant knew he was exerting unauthorized control over someone else's vehicle. 62 N.E.3d at 1252. *Cf. Girdler v. State*, 932 N.E.2d 769, 771 (Ind. Ct. App. 2010) (noting that "[i]t is a well-settled principle of Indiana law . . . that one may be charged with theft even if the evidence is stronger that the person was not the actual thief and actually received stolen property instead, and vice versa").

[12]   In challenging the sufficiency of the evidence, Decker asserts that the only evidence supporting his conviction for auto theft was that the vehicle was stolen and that he was in possession of it five days later. The State counters, pointing to additional evidence in the record indicating that, at the very least, Decker knew the car he was driving had been stolen. We agree with the State. Decker

not only possessed the vehicle five days after it was stolen, he backed the car into its parking space, giving rise to an inference that he was attempting to hinder identification of the vehicle. Further, he fled in the vehicle when confronted by police and drove the vehicle in a manner suggesting a lack of regard therefore. As in *Thacker*, we find that this additional evidence was sufficient evidence from which the jury could have reasonably inferred that Decker knew he was exerting unauthorized control over someone else's vehicle. The evidence is sufficient to support Decker's conviction for auto theft as a Level 6 felony.

### Double Jeopardy

[13] The double jeopardy clause in the Indiana Constitution is embodied in Article 1, Section 14, and provides, "No person shall be put in jeopardy twice for the same offense." Our Supreme Court has concluded that this provision was intended to prohibit, among other things, multiple punishments for the same criminal transgression. *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999). Two or more offenses are the "same offense" if there is a reasonable possibility that the evidentiary facts used to establish the essential elements of one offense also establish all of the essential elements of the second challenged offense. *See Spivey v. State*, 761 N.E.2d 831, 832-33 (Ind. 2002).

[14] Decker challenges his separate convictions for attempted aggravated battery and two counts of resisting law enforcement as violating Indiana's actual evidence test, claiming that all three convictions are based on the manner in which he

operated the stolen vehicle. Decker argues that "[a]t no point in the Court's instructions or verdict forms is there any mention what specific acts were alleged to satisfy the elements of these three separate offenses." *Appellant's Brief* at 16. He asserts that "the use of the vehicle is the common evidence" and that "it would be difficult, if not impossible, to untangle the events surrounding Decker 'shooting the gap' between the police vehicles from any other evidence presented at trial that may have supported the convictions for these three offenses." *Id*. at 17, 16. Decker therefore argues that there is a reasonable possibility that the jury relied upon this same evidence in finding him guilty of attempted aggravated battery and resisting law enforcement as a Class A misdemeanor and as a Level 6 felony.

[15] In response, the State asserts that the factual allegations for attempted aggravated battery were that Decker accelerated and drove the stolen vehicle toward Officer Vissing and that the factual allegations for Level 6 felony resisting law enforcement were based on the high-speed pursuit. The State thus argues that the attempted aggravated battery and Level 6 felony resisting law enforcement convictions rest on distinct acts and that there is no reasonable probability that that the jury based both convictions on the same evidence.[5]

---

[5] The State conceded that Decker's convictions for resisting law enforcement as a Level 6 felony and as a Class A misdemeanor violated double jeopardy principles in that, "[b]ased on the charges, evidence at trial, and the argument of counsel, it appears that the misdemeanor resisting law enforcement is either based on the same act as the attempted aggravated battery or the same act as the felony resisting law enforcement." *Appellee's Brief* at 18.

[16] With regard to attempted aggravated battery, the jury's final instructions mirrored the charging information, informing the jury that the alleged substantial step supporting the charge of attempted aggravated battery was Decker's act of accelerating and/or driving the car at Officer Vissing. As is detailed below, there is a reasonable possibility that the jury relied upon this same evidence in finding Decker guilty of both the Level 6 felony and Class A misdemeanor resisting offenses.

[17] We begin by noting that the charging information for the Class A misdemeanor identified Officer Vissing as the victim. The charging information for the Level 6 felony resisting offense alleged that Decker "did knowingly or intentionally forcibly resist, obstruct or interfere" with Officer Vissing and/or Detective Harrod and that "in committing said act [Decker] operated a vehicle in such a manner that it created a substantial risk of bodily injury" to Officer Vissing and/or Detective Harrod. *Appellant's Appendix Vol. II* at 14. While the jury instruction setting out the elements of the Class A misdemeanor offense did not identify the alleged victim, such was read in conjunction with the instruction for the Level 6 felony resisting offense, which mirrored the charging information insofar as it specifically identified Officer Vissing and Detective Harrod as the alleged victims thereof.[6]

---

[6] The instruction informed the jury that to convict Decker of the Level 6 felony resisting offense, the State was required to prove that while committing the offense against Officer Vissing and/or Detective Harrod, Decker "operated a vehicle in a manner that created a substantial risk of bodily injury to another person." *Transcript* at 202.

[18]     At trial, the evidence established that Officer Vissing and Detective Harrod were directly involved only when Decker drove the stolen car at Officer Vissing and as Decker "shot the gap" between their vehicles.[7] *Transcript* at 186. We further note that the State, in its closing statement, identified Officer Vissing and Detective Harrod as the alleged victims of the Class A misdemeanor offense, but did not specifically identify in what manner Decker resisted Officer Vissing and/or Detective Harrod. The State continued, noting that a Class A misdemeanor resisting offense was elevated to a Level 6 Felony if the defendant operated a vehicle in a manner that created a substantial risk of bodily injury. The State then expressly urged the jury to find that Decker's act of driving the vehicle at Officer Vissing established his resistance and also created a substantial risk of death, which in turn, encompassed the serious bodily injury enhancement for the Level 6 felony resisting charge. As noted above, this act of driving the car at Officer Vissing and through the six-foot gap between the officers' vehicles is the same evidence that established all of the elements of the attempted aggravated battery charge.

[19]     While the State continued with its closing statement, referencing the high-speed chase that ensued, it remains that that the State identified Officer Vissing and Detective Harrod as the victims of both the Class A misdemeanor and Level 6

---

[7] While the specific act alleged to have created the substantial risk of bodily injury to Officer Vissing and/or Detective Harrod was the "vehicle pursuit at an unreasonable and/or high rate of speed," the evidence presented at trial was clear that Officer Vissing was not involved with the high-speed pursuit and Detective Harrod gave chase for only a short time before discontinuing his pursuit. *Appellant's Appendix Vol. II* at 14-15.

felony resisting offenses, neither of whom were involved in that pursuit.[8] Further, the State explicitly invited the jury to find that Decker's act of driving the vehicle at Officer Vissing established his resistance as well as the enhancing element for the Level 6 resisting offense. *Id*. at 186.

[20] As the State suggests, the evidence at trial likely could have supported separate convictions for attempted aggravated battery, resisting law enforcement as a Class A misdemeanor, and resisting law enforcement as a Level 6 felony if presented to the jury in a different manner. On the record before us, however, we conclude that the charging information, the manner in which the jury was instructed, and the State's closing statement give rise to at least a reasonable possibility that the jury relied upon the same evidence, i.e., Decker's act of driving the stolen vehicle at Officer Vissing, in finding Decker guilty of all three offenses. Thus, Decker's convictions for attempted aggravated battery and resisting law enforcement as both a Level 6 felony and a Class A misdemeanor violate double jeopardy principles. We therefore remand to the trial court with instructions to vacate both resisting law enforcement convictions.

Judgment affirmed in part, reversed in part, and remanded with instructions.

Baker, J. and Robb, J., concur.

---

[8] *See* Footnote 7, *infra*.