# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2018, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Armando Guerrero Mora,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 26, 2018<br><br>Court of Appeals Case No.<br>18A-CR-938<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Jeffrey L. Marchal, Magistrate<br><br>Trial Court Cause No.<br>49G06-1801-F5-1670 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Armando Mora was convicted of operating a vehicle after license forfeited for life, a Level 5 felony, and auto theft, a Level 6 felony. Mora now appeals, presenting only one issue for our review: whether the State presented sufficient evidence to support his conviction of auto theft. Concluding the State presented sufficient evidence to support his conviction of auto theft, we affirm.

# Facts and Procedural History

[2] Around 9:30 a.m. on January 10, 2018, Adrian Lopez went outside his home to start his 2009 Chrysler Sebring to allow it to warm up while he returned inside to gather his children and dress them in their winter attire. Alerted by his daughter, Lopez returned outside and saw his vehicle being driven away by a man wearing a "hoodie." Transcript, Volume II at 14. Within five or ten minutes, Lopez called 911 and reported that his vehicle had been stolen.

[3] Around 2:00 p.m. the same day, Officer Aaron Mauk of the Indianapolis Metropolitan Police Department was on routine patrol when he noticed a vehicle parked facing northbound. Officer Mauk performed a records check of the vehicle and noticed that the license plate did not match the vehicle. Officer Mauk then exited his vehicle and conducted a records check of the VIN number located on the vehicle's windshield and the vehicle returned as recently stolen.

Officer Mauk radioed for additional units and Officer Jaidion Broader arrived soon thereafter and assisted Officer Mauk in surveilling the area.

[4] Approximately ten minutes later, around 2:15 p.m., Mora entered the vehicle's driver's seat, joined by Francisco Deloya in the passenger seat, and drove away. Officers followed the vehicle and attempted to initiate a traffic stop. Rather than pulling over, however, the vehicle proceeded into a nearby driveway where the two occupants exited the vehicle. The officers then:

> [gave] loud verbal commands to both occupants to stop. [Mora] failed to obey those orders and began running around the car to the front door of the house and trying to get in the door. The passenger of the vehicle complied and put his hands in the air and got on his stomach. Officer Broader then apprehended [Mora] who was still attempting to get inside the door.

*Id.* at 29.

[5] Mora was dressed in a hoodie, identified himself as "Alfredo Gutierrez," and provided a false date of birth. *Id*. at 45, 61. After discovering his true identify, officers learned Mora was an habitual traffic violator whose driving privileges had been suspended for life. An inspection of the vehicle revealed Lopez's passport and his children's car seats were missing, and his license plate had been replaced with one belonging to another vehicle.

[6] The State charged Mora with operating a vehicle after license forfeited for life, a Level 5 felony, and auto theft, a Level 6 felony. Mora waived his right to a jury trial and a bench trial was conducted on March 7, 2018. There, following the

State's presentation of evidence, Mora testified that he was already at the house where he was arrested and had offered two individuals whom he did not know twenty dollars to take him home to his wife and children. In Mora's version of events, a third individual named "Jose" was driving the vehicle, and Mora sat in the backseat of the vehicle on the driver's side. When the vehicle stopped in the driveway, Jose "walked towards an alley[,]" and Mora exited the vehicle to return to the house to pick up his jacket, which he realized he had left there. *Id.* at 56. Mora further testified that he had no knowledge that the vehicle was stolen, he never drove the vehicle, and that he had provided officers with a false name and date of birth in order to avoid arrest on an active warrant.

[7] The trial court found the testimony of the State's witnesses to be credible but did "not find [Mora]'s testimony to be credible." *Id.* at 66. The trial court found Mora guilty as charged and imposed a 545-day sentence on the conviction of operating a vehicle after license forfeited for life and a one-year sentence on the conviction of auto theft, to be served concurrently. Mora now appeals.

# Discussion and Decision

# I. Standard of Review

[8] Mora argues that State failed to present sufficient evidence to support his conviction of auto theft.[1] Our standard of review for sufficiency of the evidence claims is well settled:

> When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling.

*Wright v. State*, 828 N.E.2d 904, 905-06 (Ind. 2005) (internal citations and quotation omitted).

# II. Sufficiency of the Evidence

[9] Mora was convicted of auto theft, a Level 6 felony. On the date of Mora's offense, January 10, 2018,[2] Indiana Code section 35-43-4-2.5 provided, in relevant part:

---

[1] Mora does not challenge the sufficiency of the evidence supporting his conviction for operating a vehicle after license forfeited for life, a Level 5 felony.

[2] Indiana Code section 35-43-4-2.5 was repealed by our legislature effective July 1, 2018.

> b) A person who knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with intent to deprive the owner of:
>
>> (1) the vehicle's value or use; or
>>
>> (2) a component part (as defined in IC 9-13-2-34) of the vehicle;
>
> commits auto theft, a Level 6 felony.

[10]     Here, the State presented the following evidence: Lopez reported his vehicle stolen around 10:00 a.m. on January 10, 2018, and Mora was observed by officers entering the same vehicle around 2:30 p.m., around four and one-half hours later. Officer Mauk observed Mora enter the driver's seat of the vehicle and Francisco Deloya enter the passenger seat. Under continued surveillance, officers attempted to conduct a traffic stop but the vehicle, still driven by Mora, proceeded to pull into a driveway where Mora exited the vehicle, disregarded officers' "loud verbal commands[,]" and attempted to enter the home. Tr., Vol. II at 29. A false license plate had been placed on the vehicle and Lopez's personal items had been removed. Lopez's initial police report indicated that a male wearing a hoodie had stolen his vehicle and Mora was a male wearing a hoodie at the time of his arrest, four and one-half hours later. Mora provided a false name and date of birth to officers and later testified to a version of events which materially conflicted with Officer Mauk's testimony and which the trial court expressly found was not credible.

[11]     We conclude the State presented substantial evidence of probative value supporting each element of the crime from which the trial court, acting as the finder of fact, could have found Mora guilty beyond a reasonable doubt. *Wright*, 828 N.E.2d at 906. First and foremost, the State presented evidence Mora was in recent possession of Lopez's vehicle as he was arrested exiting the vehicle only four and one-half hours after it was stolen. Generally, "[t]he unexplained possession of stolen property may be sufficient to support a conviction for theft, but the inference is permitted only where the property was 'recently stolen.'" *Thacker v. State*, 62 N.E.3d 1250, 1251-52 (Ind. Ct. App. 2016) (citation omitted). Four and one-half hours falls well within the parameters of "recent" for the purposes of assessing whether property was recently stolen. *See Gibson v. State*, 533 N.E.2d 187, 189 (Ind. Ct. App. 1989) (concluding "'recent' is a lapse of time of less than twenty-four (24) hours"). Moreover, this is a particularly brief period of time in light of the type of property at issue because vehicles are difficult and time-consuming to sell and are not items frequently given away to strangers or acquaintances. *See Williams v. State*, 714 N.E.2d 671, 673 (Ind. Ct. App. 1999) (stating that to determine whether a theft was "recent," we also consider the "character of the goods, such as whether they are readily salable and easily portable or difficult to dispose of and cumbersome") (internal quotations omitted).

[12]     Although Mora's recent possession of a stolen vehicle may have been sufficient to support his conviction in and of itself, the State also presented additional circumstantial evidence of his guilt. Mora was arrested dressed in a hoodie just

four and one-half hours after Lopez had reported his vehicle stolen by a man in a hoodie. A false license plate had been placed on the vehicle and items belonging to Lopez had been removed, giving rise to an inference that Mora was attempting to hinder identification of the vehicle. Mora also ignored officers' attempts to initiate a traffic stop, proceeded to pull into a driveway and again ignored officers' "loud verbal commands" when he attempted to enter the home. Tr., Vol. II at 29. "Flight and related conduct may be considered by a [finder of fact] in determining a defendant's guilt." *Dill v. State*, 741 N.E.2d 1230, 1232 (Ind. 2001). And finally, Mora lied about his identity to officers, giving them both a false name and date of birth. *See Bennett v. State*, 883 N.E.2d 888, 892 (Ind. Ct. App. 2008) (stating "assumption of false identity [is] indicative of a guilty mind"), *trans. denied*. Thus, taken together, we conclude the State's evidence was sufficient to support Mora's conviction of auto theft.

# Conclusion

[13] The State presented sufficient evidence to support Mora's conviction of auto theft. Accordingly, we affirm Mora's conviction.

[14] Affirmed.

Baker, J., and May, J., concur.